UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NOEL WALLEN,

                Plaintiff,                       **MEMORANDUM ORDER**

      - v -

                                                           CV-12-6196 (MKB)(VVP)

TEKNAVO GROUP,

                Defendant.
-----------------------------------------------------------x

        By letter motion dated November 4, 2014 [Dkt. Ent. 66], the plaintiff seeks my recusal from further involvement in this action. The defendant has opposed the motion [Dkt. Ent. 70]. For the reasons that follow, the motion is denied.

        The plaintiff cites two subsections of 28 U.S.C. § 455 as the bases for my recusal: subsection (a), which requires that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and subsection (b)(1), which requires that a magistrate judge disqualify himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In essence the plaintiff asserts that I am biased against him and that therefore my impartiality is questionable. In support of his assertions concerning my bias, the plaintiff lists 16[1] purported transgressions including failures to rule in his favor on matters he placed before the court, rulings in favor of the defendant on matters raised by the defendant, and other actions that favor the defendant or demean the plaintiff.

        The question of recusal on grounds of bias or prejudice is "to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Thus, in the Second Circuit, "the appropriate standard is objective reasonableness—whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting

---

[1]The enumeration in the plaintiff's letter motion only reaches the number "13" but the numbers 7, 8, and 9 are repeated in the listing. The duplicate numbers are listed below as 7a, 8a, and 9a respectively.

*Diamondstone v. Macaluso,* 148 F.3d 113, 121 (2d Cir. 1998); *accord, e.g., ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012). As the Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Moreover, recusal based on bias and lack of impartiality "is commonly limited to those circumstances in which the alleged partiality stem[s] from an extrajudicial source." *United States v. Carlton*, 534 F.3d at 100 (quoting *Liteky*, 510 U.S. at 544 (internal quotations omitted)).[2] "*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Liteky*, 510 U.S. at 555-56 (emphasis in original). With the foregoing principles in mind, I address the various complaints of the plaintiff that are cited as evidence of my bias and lack of impartiality.[3]

(1) – I heard argument and made rulings concerning his motion to compel at a hearing on August 21, 2014 even though he had not received the defendant's opposition to the motion. Although it is true that I did hear argument concerning the motion, before making any rulings the court made a copy of the defendant's opposition to permit the plaintiff to review it before proceeding with the argument. Tr. 16-18.[4] In addition, I deferred ruling on various aspects of the motion because the plaintiff said he did not have adequate time to review the defendant's response. Tr. 47-52; Minute Order, 8/21/14, ¶ 1 [Dkt. Ent. 49]. Finally, on at least some aspects of the plaintiff's motion I ruled in his favor and directed the defendant to conduct a further search for documents that the plaintiff identified during the hearing. Minute Order, 8/21/14, ¶ 1 [Dkt. Ent. 49]. These rulings furnish no basis for a finding of bias.

---

[2]An extrajudicial source is "a source outside the judicial proceeding at hand." *Liteky*, 510 U.S. at 545.

[3]The numerals below correspond to the numerals listed by the plaintiff in his letter motion.

[4]"Tr." refers to the transcript of a hearing held on August 21, 2014 [Dkt. Ent. 71].

(2) and (3) – I spoke to the plaintiff in a condescending tone and belittled him, citing as proof that I stated that I did not understand what he had written and that he was wasting the court's time. At two points during the hearing, I observed that I did not understand what the plaintiff was asserting in his letter motion. Tr. 44, 51-52. The point of the statements was to obtain the plaintiff's oral explanation of his arguments to insure that I understood them. On one of the occasions, I also noted that the exploration of his argument was likely to be a waste of time, Tr. 44. Although I dispute that the statements were made in a condescending tone, they at most constitute only expressions of impatience which do not provide a basis for recusal.

(4) – I permitted the defendant to make objections to discovery requests and thereby stall discovery. I understand this as dissatisfaction with my discovery rulings which do not furnish a basis for recusal.

(5) – I allowed the defendant's counsel to miss a scheduled conference. The defendant's counsel did indeed miss a conference held on June 20, 2014, but I nevertheless conducted the conference in the absence of the defendant's counsel so as not to inconvenience the plaintiff by simply rescheduling it. During the conference I provided the plaintiff with an explanation for how to make a motion to compel with respect to the defendant's responses to discovery requests that he believed to be inadequate. Minute Entry, 6/20/14, ¶ 3. I do not understand how this displays bias against the plaintiff, but in any event it falls comfortably within my prerogatives and furnishes no basis for recusal.

(6) – I have encouraged the defendant to produce fictitious documents in discovery and permitted the defendant to use fabricated documents to misrepresent the plaintiff's position. The plaintiff cites no evidence for the proposition that I have encouraged the defendant to produce fictitious documents in discovery. As for the assertion that I permitted the defendant to use fabricated documents to misrepresent the plaintiff's position, I believe the plaintiff is referring to a string of emails between the plaintiff and the defendant's counsel which were filed with the court by the defendant but which omitted information that appeared at the top of one of the emails indicating the date and time when it was sent. The

plaintiff asserts that this was done by the defendant's counsel to give the impression that the email was sent at a time other than when it was actually sent. Although the defendant's counsel later provided a credible explanation for the elision of the date and time information, that information was utterly irrelevant to the issue before the court, which was simply whether or not the plaintiff was required to provide an authorization for certain social security records. As the information was irrelevant to the issue before the court, the defendant's failure to include it provides no basis for believing the defendant's counsel was seeking to mislead the court, and, by extension, no basis for attributing bias to me because I have taken no action against the defendant's counsel.

(7) and (8) – I agreed that the defendant did not have to "verify false invoices and statements" produced in discovery, and did not require production of cancelled checks and bank statements. This presumably refers to my ruling that the defendant did not have to produce certain records because I determined that some did not exist, some were not available to the defendant, and that the production of other business records by the defendant was sufficient. Tr. 58-64. Those rulings furnish no basis for recusal.

(9) – I refused to admit documents as part of the judicial record and permitted the defendant to produce fabricated documents and emails. I believe this refers to the email string addressed in item (6) above. I did not refuse to admit any documents in the record and thus do not understand the plaintiff's complaint in that regard. The explanation above answers the plaintiff's allegation concerning the defendant's supposed fabrication of documents.

(7a) – I advised the plaintiff that sanctions would be imposed if he did not sign certain authorizations. This is correct. As explained to the plaintiff, the previous authorizations that he had signed were rejected by the medical providers to whom they were presented because they did not include certain necessary information. Accordingly, he was directed to furnish additional authorizations for those providers. This ruling furnishes no basis for recusal.[5]

---

[5] Despite my warnings the plaintiff continued to refuse to provide the authorizations, and I subsequently entered an order imposing sanctions for his refusal. Minute Order, 11/4/2014, ¶ 2.

(8a) – I denied the plaintiff's motion to compel without a written explanation. As my rulings were made on the record, a separate written explanation was not required. This furnishes no basis for recusal.

(9a) – I granted the defendant's motion to compel without receiving the plaintiff's written opposition. This is incorrect. The docket reflects that the plaintiff's opposition and supplemental opposition to the defendant's motion were filed and therefore reviewed by me prior to the hearing on August 21, 2014.

(10) – I ignored the plaintiff's response to the defendant's motion to compel medical authorizations. This is incorrect. I considered his response, but ruled against him. This ruling furnishes no basis for recusal.

(11) – The plaintiff was denied vital and significant information. The plaintiff provides no explanation for this assertion.

(12) – I referred the plaintiff to the transcript of the August 21, 2014 for clarification of my rulings. This is correct. See Memorandum, Sep. 15, 2014 [Dkt. Ent. 56]. This furnishes no basis for recusal.

(13) – I granted a change of the defendant's name over the plaintiff's objections. This is incorrect. After an extended discussion concerning the proper name of the defendant, Tr. 2-7, the plaintiff expressly concurred with the change of the defendant's name, Tr. 7:14-18. (At a subsequent conference, when the plaintiff advised that he no longer wished to substitute the newly named defendant, Blackrock Consulting Inc., in place of the originally named defendant, Teknavo Group, I ordered that the latter be returned to the docket as an active defendant.) Minute Order, 11/4/2014, ¶ 7 [Dkt. Ent. 67].[6]

Having considered the various assertions made by the plaintiff in support of his contention that I am biased and lack the appearance of impartiality, I find no basis for recusal. As detailed above, the assertions are based primarily on the plaintiff's dissatisfaction

---

[6]It should be noted that the defendant Teknavo Group has never answered the complaint. Rather, the answer to the complaint was filed by "Blackrock Consulting Inc., improperly named in the Complaint as "Teknavo Group." Answer [Dkt. Ent. 7].

with discovery rulings that I have made. Such rulings, and the plaintiff's dissatisfaction with them, are not a proper basis for recusal. Similarly, to the extent that I have displayed impatience or dissatisfaction with the progress of the case, that is likewise not a proper basis for recusal. I have obtained no information about the parties or this case from any source other than in the proceedings that have been conducted before me. Finally, at this late stage in the discovery process, my recusal would result in further delay and a waste of judicial resources as a new magistrate judge would have to become familiar with the case. For all of these reasons, the plaintiff's motion must be denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
December 29, 2014