UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NOEL O. WALLEN,

                  Plaintiff,

v.

TEKNAVO GROUP and BLACKROCK
CONSULTING, INC.,

                  Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
12-CV-6196 (MKB) (SJB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Noel O. Wallen, proceeding *pro se*,[1] commenced the above-captioned action against Defendants Teknavo Group ("Teknavo") and Blackrock Consulting, Inc. ("Blackrock"),[2] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). (Compl., Docket Entry No. 1.) Plaintiff asserts claims under Title VII for (1) discrimination based on race, color, and national origin, (2) hostile work environment, and (3) retaliation. (*Id.*) Plaintiff also asserts claims for disability discrimination for failure to accommodate, and retaliation under the ADA. (*Id.*) On July 25, 2017, Defendants moved for summary judgment as to all claims. (Defs. Mot. for Summ. J. ("Defs. Mot."), Docket Entry No. 140; Defs. Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 141.)

---

[1] Plaintiff has been represented at various times during the course of this litigation, including at its onset. (*See* Compl. 14, Docket Entry No. 1.)

[2] While Plaintiff sues two defendants, Teknavo and Blackrock are one and the same. In July of 2014, Blackrock changed its name to Teknavo USA, Inc. (Tom Cox Decl. in Supp. of Defs. Mot. for Summ. J. ¶ 2 n.1, Docket Entry No. 144.) Although they are the same entity, the Court refers to Teknavo and Blackrock as "Defendants" for ease of reference.

On October 7, 2017, the Court referred Defendants' motion to Magistrate Judge Sanket J. Bulsara for a report and recommendation. (Order dated Oct. 7, 2017.) By report and recommendation dated February 22, 2018 (the "R&R"), Judge Bulsara recommended that the Court grant Defendants' motion for summary judgment in its entirety. (R&R, Docket Entry. No. 165.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Defendants' motion for summary judgment in its entirety.

SO ORDERED:

    s/ MKB    
MARGO K. BRODIE
United States District Judge

Dated: March 12, 2018
       Brooklyn, New York