UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
NOEL O. WALLEN,

                                  Plaintiff,                        NOT FOR PUBLICATION

                                  v.                              **MEMORANDUM & ORDER**
                                                                       12-CV-6196 (MKB)
TEKNAVO GROUP and BLACKROCK
CONSULTING, INC.,

                                  Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Noel O. Wallen, proceeding *pro se*,[1] commenced the above-captioned action on December 17, 2012, against Teknavo Group and Blackrock Consulting Inc. (collectively "Defendant"),[2] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"). (Compl., Docket Entry No. 1.) On July 25, 2017, Defendant moved for summary judgment as to all claims. (Def.'s Mot. for Summ. J., Docket Entry No. 140; Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J., Docket Entry No. 141.) On March 30, 2019, the Court granted in part and denied in part the summary judgment motion (the "March 2019 Decision), (March 2019 Decision, Docket Entry No. 188), partially adopting Magistrate Judge Sanket J. Bulsara's report and recommendation dated February 22, 2018 (the "R&R"), (R&R,

---

    [1] Plaintiff was represented at various times during the course of this litigation, including at its onset. (*See* Compl. 14, Docket Entry No. 1.)

    [2] While Plaintiff names Teknavo and Blackrock as separate Defendants, they are one and the same. In July of 2014, Blackrock changed its name to Teknavo USA, Inc. (Decl. of Tom Cox ("Cox Decl.") ¶ 2 n.1, Docket Entry No. 144.)

Docket Entry No. 165). On March 30, 2020, Plaintiff filed a motion seeking to have the R&R and this Court's March 2019 Decision adopting the R&R set aside on the grounds that both orders were fraudulently procured. The Court construes Plaintiff's motion as a motion for reconsideration pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.[3] (Min. Entry dated Jan. 27, 2021.)

For the reasons discussed below, the Court denies Plaintiff's motion.

## I. Background

The Court assumes familiarity with the underlying facts as detailed in the R&R and the March 2019 Decision. (*See* March 2019 Decision.) For the purposes of this Memorandum and Order, the Court provides only a summary of the pertinent procedural background.

### i. Summary judgment briefing

On February 10, 2017, the Court ordered Defendant to confer with Plaintiff and submit a proposed briefing schedule for its summary judgment motion, (Order dated Feb. 10, 2017), which the Court adopted on February 27, 2017, (Order dated Feb. 27, 2017). The Court subsequently granted Defendant two extensions to file its papers and ordered it to serve its reply and "file all remaining motion papers" on or before October 27, 2017. (Order dated Apr. 3, 2017; Orders dated Aug. 18, 2017.) On October 7, 2017, the Court referred Defendant's summary judgment motion to Judge Bulsara for a report and recommendation, (Order dated Oct. 7, 2017), and on October 27, 2017, Defendant filed the remaining motion papers, (*see* Docket Entry Nos. 150–53).

---

[3] Rule 60(b)(3) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

### ii. Judge Bulsara's order to Defendant to produce Plaintiff's complete deposition transcript and Plaintiff's motion to set aside that order

On February 21, 2018, Judge Bulsara ordered Defendants to "produce a complete transcript of Plaintiff's deposition including missing pages 290 and 292 to the Court by close of business" that day. (Order dated Feb. 21, 2018.) Defendant filed the complete transcript later that day. (Supplement Noel Wallen 9.12.13 Deposition Tr., annexed to Letter Enclosing Deposition Transcript as Ex. 1, Docket Entry No. 164-1.) The following day, Judge Bulsara issued his R&R and ordered that "[a]ny objections to this R&R must be filed . . . on or before March 8, 2018." (R&R.) On February 23, 2018, Plaintiff moved to set aside Judge Bulsara's order for Defendant to produce the complete transcript of Plaintiff's deposition transcript. (Mot. to Set Aside Order, Docket Entry No. 167.)

### iii. The Court's adoption of the R&R

Plaintiff did not file objections to the R&R by the March 8, 2018, deadline. Accordingly, on March 12, 2018, the Court adopted the R&R granting Defendant's motion for summary judgment, (Order Adopting R&R, Docket Entry No. 168), and denied Plaintiff's February 23, 2018 motion to set aside Judge Bulsara's order for Defendants to produce a complete transcript, noting that "Judge Bulsara did not rely on the additional pages in his report and recommendations as to [Defendant's] motion for summary judgment." (Order dated Mar. 12, 2018.) Later that same day, Plaintiff filed his objections to the R&R. (Objections to R&R, Docket Entry No. 170.)

On March 19, 2018, Plaintiff moved for reconsideration of the Court's order adopting the R&R, arguing that although the docket entry associated with the R&R stated that objections were due by March 8, 2018, which would have been fourteen days from the date the R&R was filed, Plaintiff had never consented to electronic service, and thus his objections had been timely

because the R&R itself stated that objections "must be filed . . . within [fourteen] days of receipt of this report," (R&R 58), and Plaintiff had received the R&R on February 26, 2018, and filed his objections fourteen days later on March 12, 2018. (Mot. for Recons. 3, 5, Docket Entry No. 171.) In view of Plaintiff's motion, the Court directed Defendant to submit evidence that Plaintiff had expressly consented to service by electronic means pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, warning that failure to do so would result in vacatur of the Court's order adopting the R&R and *de novo* review of Plaintiff's objections to the R&R. (Order dated Apr. 16, 2018.) When Defendant failed to respond, the Court vacated its order adopting the R&R, explaining that because Defendant had not obtained Plaintiff's express consent to service by electronic means, Plaintiff's objections to the R&R had in fact been timely. (Order dated Apr. 26, 2018; Supplemental Order dated May 2, 2018.)

On March 30, 2019, upon *de novo* review of Plaintiff's objections, the Court granted in part and denied in part Defendant's summary judgment motion. (March 2019 Decision.) On April 16, 2019, Defendant filed a motion for reconsideration, (Def.'s Mot. for Recons., Docket Entry No. 191), and on May 24, 2019, Plaintiff opposed the motion, (Pl.'s Mem. in Opp'n to Def.'s Mot. for Recons., Docket Entry No. 195). On August 19, 2019, the Court denied Defendant's motion for reconsideration. (Order Denying Def.'s Mot. for Recons., Docket Entry No. 201.)

    **iv. Extensions to file the joint pretrial order**

On November 25, 2019, Judge Bulsara held a status conference and directed the parties to file a joint pretrial order (the "JPTO") by January 31, 2020. (Min. Entry dated Nov. 25, 2019.) On January 30, 2020, Judge Bulsara granted an extension to file the JPTO until February 28, 2020. (Order dated Jan. 30, 2020.) On February 14, 2020, Judge Bulsara ordered Plaintiff to file

4

a letter by March 13, 2020, indicating whether he intends to prosecute this case and explaining why he failed to communicate with Defendant about the JPTO. (Order dated Feb. 14, 2020.) On February 27, 2020, Judge Bulsara adjourned the deadline to submit the JPTO pending Plaintiff's response to his prior order. (Order dated Feb. 27, 2020.) On March 13, 2020, Plaintiff filed a response to Judge Bulsara's prior order and requested an extension to file the JPTO. (Letter dated Mar. 13, 2020, Docket Entry No. 209.) On March 25, 2020, Judge Bulsara granted Plaintiff's request to have an additional three weeks to determine how he wishes to proceed with the case and ordered Plaintiff to inform the Court of his plans by April 15, 2020. In a separate order that same day, Judge Bulsara ordered the parties to separately file their portions of the JPTO by May 25, 2020. (Orders dated Mar. 25, 2020.)

### v. Plaintiff's current motion

On March 30, 2020, instead of filing his portion of the JPTO, Plaintiff filed the first and last pages of a motion labeled "Motion to Dismiss Defendant's Motion for Summary Judgment."[4] (Pl.'s Mot. to Dismiss, Docket Entry No. 212.) Defendant replied to Plaintiff's two-page filing stating "it appears not all of Plaintiff's motion papers were entered on [the electronic case filing system]" and noting that any "motion to dismiss" based on Judge Bulsara's allegedly fraudulent R&R or this Court's March 2019 Decision adopting it would be untimely and improper, as Plaintiff already filed objections to the R&R in 2018 and opposed Defendant's motion for reconsideration of this Court's March 2019 Decision. (Letter Regarding Pl.'s Mot. to Dismiss Summ. J. dated Apr. 6, 2020, at 1, Docket Entry No. 213.)

---

[4] Plaintiff explains that when he arrived at the courthouse to file his motion, the *pro se* office was closed due to COVID-19. (Pretrial Letter 3, Docket Entry No. 213.) Therefore, he left only the first and last pages of his motion as proof that he was at the courthouse, and those pages were uploaded as his motion. (*Id.*)

5

On May 26, 2020, Defendant timely filed its portion of the JPTO. (Proposed Pretrial Order, Docket Entry No. 214.) Because Plaintiff never filed his portion of the JPTO as required by Judge Bulsara's orders on November 25, 2019, January 24 and 30, 2020, and March 25, 2020, Judge Bulsara entered an order on June 5, 2020, granting Plaintiff an additional sixty days to do so. (Order dated June 5, 2020.) Instead of submitting his portion of the JPTO, Plaintiff filed the missing pages of his motion to dismiss and a document labeled "Pretrial Letter," and the two documents were uploaded as one document. (Pretrial Letter/Pl.'s Mot. ("Pl.'s Mot."), Docket Entry No. 215.)[5] Defendant replied to Plaintiff's new filings with a letter seeking dismissal for the reasons Defendant had raised in response to the original two-page filing and because Plaintiff had failed to file his portion of the JPTO. (Letter Regarding Plaintiff's Pretrial Submission dated Aug. 7, 2020, Docket Entry No. 217.) Plaintiff replied in turn with a letter that suggested he would not prosecute the case unless the Court's prior orders were vacated. (Letter dated Aug. 28, 2020, Docket Entry No. 218.) Defendant replied by renewing its request for dismissal. (Letter Regarding Dkt. No. 218 dated Sept. 11, 2020, Docket Entry No. 219.)

### vi. Pretrial conference

In view of the parties' submissions, the Court held a pretrial telephone conference on January 27, 2021, and explained that Plaintiff must either participate in this case until a final order has been issued, at which point he may appeal the March 2019 Decision, or the Court must

---

[5] Plaintiff reportedly called the *pro se* office to ask if the documents could be separated and the complete motion substituted for the two pages that were filed in March. In addition, Plaintiff expressed concern during the pretrial conference on January 27, 2021, that his motion papers may not have been filed in the correct order and may be "scrambled" or "jumbled." (Tr. of Proceedings dated Jan. 27, 2021 ("Tr.") 21:2–22:22.) Although the documents have not been separated, the Court understands the filing mishap and considers Plaintiff's complete motion, rather than just the first and last pages. The Court also confirms that it has considered the motion in the order that Plaintiff has labeled the pages, as he requested.

6

dismiss this case for failure to prosecute.[6] (Tr. 7:11–7:13, 9:24–9:25.) Plaintiff clarified that he is not seeking dismissal of this case but rather to have the Court set aside the R&R and this Court's March 2019 Decision on the grounds that both orders were fraudulently procured, as set forth in his motion. (Tr. 10:1–10:5, 14:21–16:17.) The Court adjourned the conference without setting a trial date pending resolution of Plaintiff's motion, which the Court now considers, construing it as a motion for reconsideration of the Court's March 2019 Decision pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*See* Min. Entry dated Jan. 27, 2021; Tr. 18:17–18:19, 25:9–25:12; Pl.'s Mot. 96–98.)

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x

---

[6] Plaintiff has appealed both the R&R and the Court's order partially adopting the R&R and granting in part and denying part summary judgment. Both appeals have been held in abeyance because this Court has not yet issued a final order as contemplated by 28 U.S.C. § 1291. (Mandate of USCA, Docket Entry No. 186; Mandate of USCA, Docket Entry No. 200.)

71, 75–76 (2d Cir. 2016) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

    **b.    The Court denies Plaintiff's motion for reconsideration**

Plaintiff moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to set aside the R&R and the Court's March 2019 Decision partially adopting it, (Pl.'s Mot. 97), and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, (*id.* at 98). In essence, Plaintiff argues that the Court's scheduling orders granting Defendant extensions and obligating it to file the fully briefed summary judgment motion created an opportunity for Defendant's counsel to "sabotage" his opposition, which counsel allegedly did by withholding or concealing more than thirty pages from his deposition transcript. Plaintiff contends that Judge Bulsara, in conspiracy with Defendant's counsel, then attempted to "cover up" the alleged deposition tampering by issuing an "*ex parte*" order to Defendant's counsel on February 21, 2018, instructing her to produce a complete transcript of Plaintiff's deposition by the end of the day[7] and then fraudulently issuing an R&R based on the incomplete evidentiary record, in which he also mischaracterized Plaintiff's "smoking gun" evidence by altering words and names, "hot on

---

[7] Although Judge Bulsara's February 21, 2018 order was not issued *ex parte*, the Court understands Plaintiff to be arguing that it was effectively *ex parte* because Plaintiff, proceeding *pro se*, did not become aware of the order until he received notice of it from Defendant the following day, when a copy of the complete transcript and letter from Defendant referencing the order arrived in the mail. (Pl.'s Mot. to Set Aside Order, Docket Entry No. 168.)

8

the heels" of the complete transcript. Plaintiff further argues that once Judge Bulsara issued his "doctored" R&R, he imposed a "phantom date" of March 8, 2018, by which Plaintiff was required to submit his objections to the R&R, even though Plaintiff was not actually required to submit his objections until March 12, 2018. In order to "thwart" this perceived fraud, Plaintiff promptly filed a motion to set aside Judge Bulsara's order to produce the complete transcript, but, he argues, the Court "stonewalled" his motion until the "phantom date" for objections had passed, at which point the Court "rushed" to adopt the unopposed R&R and denied Plaintiff's motion to set aside Judge Bulsara's order. Although the Court ultimately vacated its initial order adopting the R&R, reviewed Plaintiff's objections *de novo*, and granted in part and denied in part Defendant's motion for summary judgment in March of 2019 pursuant to Plaintiff's motion for reconsideration and objections, Plaintiff argues that the Court compounded the alleged fraud by vacating its initial order without a finding of fraud on the part of Judge Bulsara and that the March 2019 Decision was based on the same "incomplete" and "corrupt" evidentiary record used by Judge Bulsara — namely, his incomplete deposition transcript.[8] (*See* Pl.'s Mot. 99–100 (grounds for motion), 108–19 ("motion narrative"). *See generally* Pl.'s Mot.; Pretrial Letter 1–

---

[8] Plaintiff bases his motion on the following grounds, specifically: (1) Defendant's counsel's "deliberate withholding or concealment" of over thirty pages from Plaintiff's deposition transcript and the "sabotage" of his opposition brief, (2) Judge Bulsara's "judicial misconduct" for creating a "fraudulent imitation of evidence by re-characterizing 'smoking gun' evidence" and (3) knowingly utilizing an incomplete and corrupt evidentiary record, (4) submission of a forged hybrid employee handbook annexed to a photocopy of the Plaintiff's signature, (5) circumvention and suppression of crucial evidence in the deposition transcripts of Tom Cox — the president of DTC Consulting, an independent contractor of Defendant — and Dr. Sujathja Rajan — an internal medicine physician who treated Plaintiff, (6) suppression of evidence relating to Plaintiff's protected activity, (7) sabotage of Plaintiff's opposition papers pursuant to the Court's scheduling orders, (8) fraud on the court, (9) abuse of discretion by this Court for vacating its initial order adopting the R&R based on a finding of "lack of proper service," (10) continued reliance on a "doctored" R&R, and (11) relitigating issues barred by *res judicata*. (Pl.'s Mot. 99–100.)

9

17; Depiction of a Nefarious Conspiratorial Scheme, annexed to Pretrial Letter as Ex. A, Docket Entry No. 215, at 23–29; Letter dated Aug. 28, 2020 (repeating argmuents).)

The Court finds that Plaintiff has not met the standard for reconsideration. As Plaintiff notes in his current motion, he has presented the above arguments several times — first in connection with his motion for reconsideration of the Court's initial order adopting the R&R, (*see generally* Letter Regarding Biased Magistrate with Questionable Conduct dated Apr. 4, 2018, Docket Entry No. 173; Letter Regarding Falsification of Evidence and Fraud on the Court dated Apr. 4, 2018, Docket Entry No. 174), then, after the Court vacated that order, in his reply to Defendant's response to his objections to the R&R, (*see generally* Aff. of Proof of Tampering, annexed to Pl.'s Mem. in Supp. of Pl.'s Objections as Ex. 2, Docket Entry No. 183-2), and finally, after the Court reviewed his objections *de novo* and granted in part and denied in part Defendant's summary judgment motion, in his opposition to Defendant's motion for reconsideration of the Court's March 2019 Decision, (*see generally* Pl.'s Mem. in Opp'n to Def.'s Mot. for Recons.), which the Court also ultimately denied, (Order Denying Def.'s Mot. for Recons.). The Court considered and rejected these arguments in its March 2019 Decision. (March 2019 Decision 38 n.32 ("[T]here is no substance to Plaintiff's allegations that Judge Bulsara, his clerk, and the clerk of court conspired to fabricate evidence or prevent Plaintiff from filing his objections on time."); *see also* Order dated Mar. 12, 2018 ("The Court notes that Judge Bulsara did not rely on the additional pages in his report and recommendations as to [D]efendants' motion for summary judgment.").)[9]  Therefore, because Plaintiff has not pointed

---

[9] It is unclear what Plaintiff objects to with respect to the substance of the deposition transcript, as there is no evidence that the transcript was incorrect and the missing pages, which were ultimately provided, did not impact Judge Bulsara's or this Court's analyses of the merits of Plaintiff's claims. It bears noting, however, that Plaintiff has made similar allegations of judicial

10

to any controlling law or facts that the Court overlooked and merely repeats old arguments previously rejected, the Court denies Plaintiff's motion for reconsideration.

### III. Conclusion

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff at the address of record.

Dated: February 26, 2021
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

---

misconduct against Magistrate Judges Viktor V. Pohorelsky and Peggy Kuo, who were earlier assigned to this case. (*See generally, e.g.*, Pl.'s Mot. to Disqualify Judge Pohorelsky, Docket Entry No. 66; Letter dated Nov. 14, 2014, Docket Entry No. 73; Letter dated Nov. 20, 2014, Seeking Cancellation or the Suspension or Overruling of the Above Rulings or Orders Made by Magistrate Pohorelsky, Docket Entry No. 74; Objections to Magistrate Order/Mot. to Set Aside Magistrate Order, Docket Entry No. 76; Mot. to Amend and Review the Magistrate's Orders, Docket Entry No. 80; Pretrial Letter 12 (asserting that Judge Kuo ignored Plaintiff's complaints). Judge Pohorelsky denied Plaintiff's motion to disqualify him, (Mem. & Order dated Dec. 29, 2014, Docket Entry No. 82), Plaintiff appealed that decision, (Appeal of Magistrate Judge Decision, Docket Entry No. 83), and this Court denied Plaintiff's appeal and upheld Judge Pohorelsky's discovery rulings, (Min. Entry dated Sept. 1, 2015). Although Plaintiff now repeats these allegations against Judge Bulsara and this Court, (*see, e.g.*, Pretrial Letter 15–16 (stating, *inter alia*, that "Judge Brodie broke the law . . . by ignoring the manufactured evidence in the Magistrate's R&R when she credited the merits of [the] R&R" and "abused her discretion when she denied the Plaintiff['s] motion to set aside" the order to provide a complete transcript)), the Court has carefully reviewed the docket and Plaintiff's submissions, as well as the R&R and the Court's adoption of the R&R, and finds no evidence of misconduct.