UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

NOEL O. WALLEN,

                              Plaintiff,

                        v.

TEKNAVO GROUP and BLACKROCK
CONSULTING, INC.,

                              Defendants.

NOT FOR PUBLICATION

**ORDER**
12-CV-6196 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Noel O. Wallen, proceeding *pro se*,[1] commenced the above-captioned action on December 17, 2012, against Teknavo Group and Blackrock Consulting, Inc. (collectively "Defendant"),[2] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"). (Compl., Docket Entry No. 1.)  On November 4, 2014, Plaintiff moved to disqualify Magistrate Judge Viktor V. Pohorelsky from the action.  (Pl.'s Mot. to Disqualify, Docket Entry No. 66.)  Judge Pohorelsky denied Plaintiff's motion, (Dec. 2014 Decision, Docket Entry No. 82), and Plaintiff appealed that decision to the district judge, (Appeal of Magistrate Judge Decision, Docket Entry No. 83).  On September 1, 2015, the Court denied Plaintiff's appeal.  (Min. Order of Sept. 1, 2015.)

---

    [1] Plaintiff was represented at various times during the course of this litigation, including at its onset.  (*See* Compl. 14, Docket Entry No. 1.)

    [2] While Plaintiff names Teknavo and Blackrock as separate Defendants, they are one and the same.  In July of 2014, Blackrock changed its name to Teknavo USA, Inc.  (Decl. of Tom Cox ("Cox Decl.") ¶ 2 n.1, Docket Entry No. 144.)

On July 25, 2017, Defendant moved for summary judgment as to all claims. (Def.'s Mot. for Summ. J., Docket Entry No. 140; Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J., Docket Entry No. 141.) On March 30, 2019, the Court granted in part and denied in part the summary judgment motion (the "March 2019 Decision"), (March 2019 Decision, Docket Entry No. 188), partially adopting Magistrate Judge Sanket J. Bulsara's report and recommendation dated February 22, 2018 (the "R&R"), (R&R, Docket Entry No. 165). On March 30, 2020, Plaintiff filed a motion seeking to have the R&R and the Court's March 2019 Decision adopting the R&R set aside on the grounds that both orders were fraudulently procured. (Pl.'s Mot. to Dismiss Mot. for Summ. J., Docket Entry No. 212.) The Court construed Plaintiff's motion as a motion for reconsideration pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure and denied the motion. (Feb. 2021 Decision, Docket Entry No. 220.) Plaintiff appealed the Court's decision, (Notice of Appeal, Docket Entry No. 221), and the U.S. Court of Appeals for the Second Circuit dismissed the appeal, (Mandate of U.S.C.A. as to Notice of Appeal, Docket Entry No. 224).

On August 17, 2022, Plaintiff moved to recuse Magistrate Judge Sanket J. Bulsara from this action. (Pl.'s Mot. for Recusal ("Pl.'s Mot."), Docket Entry No. 229.) For the reasons discussed below, the Court denies Plaintiff's motion for recusal.

**I. Background**

The Court assumes familiarity with the underlying facts as detailed in the R&R and the March 2019 Decision. For the purposes of this Order, the Court provides only a summary of the relevant procedural background.

On July 19, 2021, in light of the Second Circuit's dismissal of Plaintiff's appeal, the Court set a pretrial conference for July 20, 2021. (Scheduling Order dated July 19, 2021.) At the pretrial conference, the Court informed Plaintiff that he must file his portion of the Joint Pretrial

Order ("JPTO") in order to proceed to trial. (*See* Min. Entry dated July 29, 2021.) On September 29, 2021, Plaintiff submitted a letter to the Court to notify the Court of Plaintiff's "decision not to participate in the imminent sham trial proceeding." (Sept. 29, 2021 Letter from Noel Wallen 1, Docket Entry No. 226.) On April 18, 2022, Defendant timely filed its portion of the JPTO, and Judge Bulsara provided Plaintiff an additional opportunity to file his portion of the JPTO by June 17, 2022 or risk dismissal of the case. (Apr. 18, 2022 Order.) On June 10, 2022, Plaintiff moved for an extension of time to file a response to the pretrial order, (Pl.'s Mot. for Extension, Docket Entry No. 227), which Judge Bulsara granted, extending Plaintiff's time to August 17, 2022, (June 12, 2022 Order). On August 17, 2022, instead of filing his portion of the JPTO, Plaintiff filed a motion to disqualify Judge Bulsara from the action. (Pl.'s Mot.; Pl.'s Exs. in Supp. of Mot., Docket Entry No. 231.)

## II. Discussion

### a. Standard of review

Section 455(a) of Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States*, 510 U.S. 540, 546 (1994) (quoting 28 U.S.C. § 455(a). This provision "is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Id.* at 557–58 (Kennedy, J., concurring). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.*; *see also El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (noting that in considering whether to recuse itself from a case, a court must

3

consider whether "an objective, disinterested observer fully informed of the underlying facts[] [would] entertain significant doubt that justice would be done absent recusal" (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000))); *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107–08 (2d Cir. 2012) (same).

Disagreement with a court's decision, in and of itself, is not a sufficient basis to grant a recusal motion. *LoCascio v. United States*, 473 F.3d 493, 495–96 (2d Cir. 2007) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citation omitted)); *Gill v. Jus Broad. Corp.*, 567 F. Supp. 3d 394, 396 (E.D.N.Y. 2021) (noting that "bias and prejudice that is alleged to be disqualifying must come from an extrajudicial source" (citation omitted)); *S.E.C. v. Razmilovic*, No. 04-CV-2276, 2010 WL 2540762, at *4 (E.D.N.Y. June 14, 2010) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." (citation omitted)); *LoCascio v. United States*, 372 F. Supp. 2d 304, 314–15 (E.D.N.Y. 2005) ("[S]imply stated . . . , judicial rulings alone almost never constitute a valid basis for a bias or partiality motion and . . . the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."), *aff'd*, *LoCascio*, 473 F.3d at 493. "[A] high threshold is required" to satisfy the standard for recusal. *Liteky*, 510 U.S. at 557–58. "Recusal motions are committed to the sound discretion of the district court." *LoCascio*, 473 F.3d at 495.

    **b.** **Plaintiff fails to show a basis for Judge Bulsara's recusal**

Plaintiff argues that Judge Bulsara is "biased and prejudiced" against the Plaintiff in violation of 28 U.S.C. § 455 and must recuse himself from this action. (Pl.'s Mot. 6.)

4

Specifically, Plaintiff argues Judge Bulsara: (1) violated the ethical Canons of the Code of Conduct for U.S. Judges, ABA Model Code of Judicial Conduct and Plaintiff's Constitutional due process rights; (2) failed to express contrition for conspiring with the Defendant's attorney; (3) utilized an "incomplete or corrupt" evidentiary record and released a "doctored" R&R in which he rigged the summary judgment in favor of Defendant; (4) in conjunction with Defendant's attorney sabotaged Plaintiff's summary judgment pleadings; (5) created fictitious fact patterns; (6) amplified fact pattern with fabricated billing invoices; (7) manipulated the record to "implant[] a phantom due-date"; (8) deceived the district judge into rending a fraudulent judgment for Defendant; (9) engineered a façade to exploit and defraud Plaintiff; (10) committed fraud-on-the-Court; (11) deceived the district court; and (12) engaged in other transgressions.  (*Id.* at 6–9.)

Plaintiff's allegations are insufficient to question Judge Bulsara's impartiality.  Plaintiff has made similar arguments multiple times – first in connection with his motion for reconsideration of the Court's initial order adopting the R&R, (*see generally* Letter Regarding Biased Magistrate with Questionable Conduct dated Apr. 4, 2018, Docket Entry No. 173; Letter Regarding Falsification of Evidence and Fraud on the Court dated Apr. 4, 2018, Docket Entry No. 174); then, after the Court vacated that order, in his reply to Defendant's response to his objections to the R&R, (*see generally* Aff. of Proof of Tampering, annexed to Pl.'s Mem. in Supp. of Pl.'s Objs. as Ex. 2, Docket Entry No. 183-2); then, after the Court reviewed his objections de novo and granted in part and denied in part Defendant's summary judgment motion, in his opposition to Defendant's motion for reconsideration of the Court's March 2019 Decision, (*see generally* Pl.'s Mem. in Opp'n to Def.'s Mot. for Recons., Docket Entry No. 195), which the Court also ultimately denied, (Order Den. Def.'s Mot. for Recons., Docket Entry No.

201); and finally in his March 30, 2020 motion which the Court construed as a motion for reconsideration and also denied, (Pl.'s Mot. to Dismiss Mot. for Summ. J.; Feb. 2021 Decision).

In the February 2018 R&R, Judge Bulsara made comprehensive findings of fact, citing the parties' Rule 56.1 Statements, parties' declarations, Plaintiff's own declaration, Plaintiff's deposition, and Plaintiff's Complaint. (*See* R&R 5–22.) Plaintiff alleges that Judge Bulsara "deliberately created fictitious fact patterns by manufacturing" email evidence dated April 27, 2011 that confirmed a "project budget-extension." (Pl.'s Mot. 7.) As an initial matter, Plaintiff is incorrect that the email confirmed a budget extension because the email actually shows that the OPS project would be coming to an end instead. (R&R 19.) Plaintiff provides no evidence that the email is actually fabricated, or any evidence to support his conclusory allegation that Judge Bulsara created a fictitious fact pattern. Without any evidence, the Court cannot conclude that Judge Bulsara should be recused on this basis. *See Liteky*, 510 U.S. at 557–58 ("[A] high threshold is required" to satisfy the standard for recusal.).

Plaintiff also argues that Judge Bulsara invented a due date for objections to the R&R. (*See* Pl.'s Mot. 7–8 ("[T]he Magistrate premeditatedly implanted a phantom due-date '3-8-18' in the record that knowingly and falsely represented the due date for the Objections' responses."); *id.* at 9 ("Magistrate's phantom R&R due date 3-8-18"). Rule 72(b)(2) of the Federal Rules of Civil Procedure provides that "a party may serve and file specific written objections to the proposed findings and recommendations" "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision." (citation omitted)). Judge Bulsara filed the R&R on February 22, 2018, therefore, March 8, 2018 was

fourteen days after the R&R was filed. Contrary to Plaintiff's assertions, this was not a "phantom due-date", but one required by law under the Federal Rules of Civil Procedure.

Plaintiff has not made any allegations supported by facts to suggest that an objective, disinterested observer would question Judge Bulsara's impartiality, and, therefore, the Court denies Plaintiff's recusal motion. *See Harrison v. Cnty. of Nassau*, No. 15-CV-2712, 2018 WL 4583491, at *1–2 (E.D.N.Y. Sept. 24, 2018) (denying the plaintiff's motion for recusal because the court's rulings did not "exhibit[] any favoritism or antagonism towards either side" and "to the extent plaintiff alleges any other improper conduct, those allegations are completely unsubstantiated and baseless"). Although Plaintiff may disagree with Judge Bulsara's decisions, disagreement with "judicial rulings alone" is not sufficient grounds for recusal. *See, e.g.*, *LoCascio*, 473 F.3d at 495–96 (citation omitted); *Razmilovic,* 2010 WL 2540762, at *4 ("[C]laims of judicial bias must be based on extrajudicial matters . . . .").

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for recusal. Plaintiff is granted an extension of time until January 6, 2023 to file his portion of the JPTO.

Dated: December 9, 2022
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge

7