UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
NOEL WALLEN,

                               Plaintiff,                        **ORDER**
                                                                 12-CV-6196 (MKB)

                v.

TEKNAVO GROUP and BLACKROCK
CONSULTING, INC.,

                               Defendants.
-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Noel Wallen, proceeding *pro se*,[1] commenced the above-captioned action on December 17, 2012, against Teknavo Group and Blackrock Consulting, Inc. (collectively "Defendant"),[2] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"). (Compl., Docket Entry No. 1.) On July 25, 2017, Defendant moved for summary judgment as to all claims.[3] (Def.'s Mot. for Summ. J., Docket Entry No. 140; Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J., Docket Entry No. 141.) On March 30, 2019, the Court granted in part and denied in part the summary judgment motion (the "March 2019

---

[1] Plaintiff was represented at various times during the course of this litigation, including at its onset. (*See* Compl. 14, Docket Entry No. 1.)

[2] While Plaintiff names Teknavo and Blackrock as separate Defendants, they are one and the same. In July of 2014, Blackrock changed its name to Teknavo USA, Inc. (Decl. of Tom Cox ("Cox Decl.") ¶ 2 n.1, Docket Entry No. 144.)

[3] Defendant moved for summary judgment on Plaintiff's claims of Title VII discrimination, hostile work environment, retaliation, and his claims of discrimination and retaliation under the ADA. (Def.'s Mot. for Summ. J.; Mar. 2019 Decision.)

Decision"), (Mar. 2019 Decision, Docket Entry No. 188), partially adopting Magistrate Judge Sanket J. Bulsara's report and recommendation dated February 22, 2018 (the "R&R"), (R&R, Docket Entry No. 165). Plaintiff's Title VII retaliation claim based on diminishment of duties and hostile work environment claim remain pending. (Mar. 2019 Decision 50.) Plaintiff refused to proceed to trial, therefore, on June 15, 2023, the Court dismissed Plaintiff's remaining claims for failure to prosecute ("June 2023 Decision"). (June 2023 Decision, Docket Entry No. 237.)

On July 12, 2023, Plaintiff filed a motion to alter or amend the Court's final judgment pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. (Pl's Mem. to Alter or Amend ("Pl.'s Mem."), Docket Entry No. 240.) Defendant opposed the motion on July 26, 2023, (Def.'s Mem. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n"), Docket Entry No. 244), and Plaintiff filed a reply on August 14, 2023 (Pl.'s Reply to Def.'s Mem. ("Pl.'s Reply"), Docket Entry No. 246). For the reasons set forth below, the Court denies Plaintiff's motion to alter or amend the Court's final judgment.

I. **Background**

The Court assumes familiarity with the facts as detailed in the June 2023 Decision and the Court's prior decisions in this matter, and therefore only provides a summary of the pertinent facts.

a. **Procedural background**

On May 23, 2023, the Court held a telephonic pre-trial conference and advised Plaintiff that he has viable claims that must proceed to trial. (Minute Entry dated June 15, 2023.) Plaintiff repeatedly indicated that he refuses to proceed with his remaining claims on the basis that he believes the Court's prior decisions in this case are undermined by fraud. (*See id.*) The Court advised Plaintiff that if he fails to proceed to trial, the Court will dismiss his remaining

claims. (*See id.*) The Court offered Plaintiff two weeks to consider his options and to inform the Court in writing whether he plans to proceed to trial. (*See id.*) Plaintiff requested that that the Court accept his decision during the conference as he will not change his mind in two weeks. (*See id.*) Plaintiff reiterated that he chooses not to proceed to trial regardless of the consequences. (*See id.*) In light of Plaintiff's steadfast refusal to proceed with litigation of his claims, the Court dismissed Plaintiff's claims for failure to prosecute. (*See generally* June 2023 Decision.) Plaintiff filed the motion to alter or amend the Court's judgment on July 12, 2023 requesting the Court reexamine the facts of the case on the basis of fraud and newly discovered evidence of forgery and illegal padding of the case docket. (*See generally* Pl.'s Mem.) On July 13, 2023, Plaintiff filed a notice of appeal of the Court's June 2023 Decision. (*See* Notice of Appeal, Docket Entry No. 241.) On July 19, 2023, the Second Circuit issued a notice staying Plaintiff's appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4) because Plaintiff filed the motion to alter or amend the Court's judgment. (Initial Notice of Stay of Appeal, Docket Entry No. 243.)

## II. Discussion

### a. Standards of review

#### i. Reconsideration

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or

controlling decisions which counsel believes the [c]ourt has overlooked"). In addition to considering any evidence or controlling cases the court overlooked, the court should also consider whether there has been "an intervening change of controlling law." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936, 2023 WL 3159233, at *1 (E.D.N.Y. Apr. 28, 2023) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104).

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

  ii. **Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Banister v. Davis*, 590 U.S. ––––, ––––, 140 S. Ct. 1698, 1709 n.6 (2020) (quoting Fed. R. Civ. P. 60(b)). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). While such motions must be brought "within a reasonable time," *Santander Bank, N.A. v. Harrison*, 858 F. App'x 408, 410 (2d Cir. 2021) (quoting Fed. R. Civ. P. 60(c)(1)), "[t]he one-year limitation period for Rule 60(b)[(1)–(3)] motions is absolute," *Wang v. Int'l Bus. Machines Corp.*, 839 F. App'x 643, 646 (2d Cir. 2021) (second alteration in original) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (citing *Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, 1999 WL 1295353, at *1 (2d Cir. 1999) (unpublished table decision) ("Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case." (citing *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986))). "[T]he general rule [is] that a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

b. **The Court denies Plaintiff's motion for reconsideration**

Plaintiff is not entitled to relief under either Rule 59(e) or Rule 60(b). Plaintiff's seventy-five page brief rehashes allegations of misconduct and fraud perpetrated on him by Judge Bulsara and this Court. Plaintiff has made similar arguments multiple times: (1) in connection

with his motion for reconsideration of the Court's initial order adopting the R&R, (*see generally* Letter Regarding Biased Magistrate with Questionable Conduct dated Apr. 4, 2018, Docket Entry No. 173; Letter Regarding Falsification of Evidence and Fraud on the Court dated Apr. 4, 2018, Docket Entry No. 174); (2) after the Court vacated that order, in his reply to Defendant's response to his objections to the R&R, (*see generally* Aff. of Proof of Tampering, annexed to Pl.'s Mem. in Supp. of Pl.'s Objs. as Ex. 2, Docket Entry No. 183-2); (3) after the Court reviewed his objections de novo and granted in part and denied in part Defendant's summary judgment motion, in his opposition to Defendant's motion for reconsideration of the Court's March 2019 Decision, (*see generally* Pl.'s Mem. in Opp'n to Def.'s Mot. for Recons., Docket Entry No. 195), which the Court also ultimately denied, (Order Den. Def.'s Mot. for Recons., Docket Entry No. 201); (4) in his March 30, 2020 motion which the Court construed as a motion for reconsideration and also denied, (Pl.'s Mot. to Dismiss Mot. for Summ. J., Docket Entry No. 212; Feb. 2021 Decision); and (5) in his August 17, 2022 motion seeking recusal of Judge Bulsara from this action, (Pl.'s Mot. for Recusal, Docket Entry No. 229).

The Court has previously considered, addressed, and rejected all of these arguments by Plaintiff, and Plaintiff is now attempting to relitigate claims previously decided with no additional facts or law or new evidence to support his arguments. The Court therefore denies Plaintiff's motion. *See Okongwu v. Cnty. of Erie*, No. 21-1025, 2022 WL 6585217, at *2 (2d Cir. Oct. 7, 2022) (affirming denial of pro se plaintiff's Rule 60(b) motion where pro se plaintiff "did not identify any new evidence," "failed to show that the (unidentified) evidence was admissible," and "did [not] establish that he had been justifiably ignorant of the new facts"); *Barrett v. Loc. 804 Union (IBT)*, No. 18-CV-2046, 2023 WL 4551686, at *6 (E.D.N.Y. July 14, 2023) (denying pro se plaintiff's reconsideration motion where plaintiff failed to identify any

6

"new evidence" and "rehashe[d] arguments and grievances that he has already presented to the [c]ourt").

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion to alter or amend the Court's final judgment.

Dated: September 6, 2023
       Brooklyn, New York

SO ORDERED:

      /s/ MKB
MARGO K. BRODIE
United States District Judge